OPINION OF THE COURT
Harold Baer, Jr., J.
Plaintiffs move to confirm a Referee’s report. That motion is granted, as is plaintiffs’ original motion for a default judgment previously held in abeyance pending a report from the Referee.
Some time ago, plaintiffs moved for a default judgment and defendant then cross-moved claiming lack of personal jurisdiction. The matter was referred to a Referee to hear and report. After some adjournments the matter came on and neither *590 defendant nor his counsel appeared. The Referee took evidence and recommended that jurisdiction be upheld. Defendant’s counsel now offers no explanation as to why he did not advise the Referee that illness prevented him from appearing and did not seek an adjournment, nor is anything presented to suggest that jurisdiction in fact is absent. This motion clearly would have to be granted unless a procedural failing by plaintiffs dooms it. CPLR 4403 mandates that a motion to confirm be made within 15 days of the filing of the report. That was not done here. The report was filed on December 19, 1989 and this motion was not served until July 26, 1990. Plaintiffs assert, rather weakly, that they were not aware that such a deadline exists and assumed the court would act on its own. In fact, chambers usually does not receive copies of Referee reports until a motion is made. Uniform Rules for Trial Courts (22 NYCRR) § 202.44 obliges the plaintiff to move to confirm or reject a report within 15 days after notice of the filing. If plaintiff fails to move, defendant shall so move within 30 days. Although defendant here had no interest, obviously, in the confirmation of the report, the rule appears to mean that defendant should have moved to reject the report when plaintiffs failed to move. Following CPLR 4403, this rule provides that if no party "moves as specified above,” the court on its own motion "shall” issue a determination. (Uniform Rules for Trial Cts, 22 NYCRR 202.44 [b].) This subdivision also states that it shall not apply to a reference to a judicial Hearing Officer, but even if relevant here, this does not change the fact that under CPLR 4403 the court has inherent power to act on a Referee’s report. (The exception may be addressed to the matter of costs, discussed as well in subdivision [b], the provision in question of section 202.44.) The failure of a party to comply with the time limitation of CPLR 4403, while regrettable, is not fatal to the court’s power to act on the report. That section was intended to make clear that the court need not await a formal motion. The time limitation exists to provide the parties an opportunity to voice any objection before the court acts. (See, Matter of Breland [MVAIC], 24 AD2d 881 [2d Dept 1965]; Matter of Gift Pax, 123 Misc 2d 830 [Sup Ct, Nassau County 1984], affd sub nom. Matter of Fleischer, 107 AD2d 97 [2d Dept 1985].) Of course, the court cannot act on its own initiative where it is unaware that a report has been filed. The system may contemplate the filing of a report with the court in each instance of a reference, but in this case no filing was made with chambers *591 (whatever may have been filed with the office of the clerk of the court) and thus this court is only in a position to pass upon the report now as a result of this motion. The report must be confirmed.
The motion for a default judgment was held in abeyance pending the outcome of the reference. Defendant in its opposition to that motion relied almost exclusively upon its claim of lack of jurisdiction, which was the basis of its cross motion. The only other suggestion in the papers as to why a default judgment should not be granted after the months of failure to answer by defendant is a passing and wholly conclusory reference to the existence of unidentified defenses. Though now recognizing that a default judgment may be the outcome of the current motion, defendant has presented nothing to suggest why that motion should not be granted. Accordingly, the motion for a default judgment is granted. Settle providing for an inquest.